UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEE DAVIS, #126928,

        Plaintiff,

v.

        CASE NO. 5:06-CV-11006
        HONORABLE JOHN CORBETT O'MEARA

PATRICIA L. CARUSO, et al.,

        Defendants.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT**

I.    Introduction

    Before the Court is Plaintiff Lee Davis' civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan. Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. The named defendants are Michigan Department of Corrections Director Patricia Caruso and medical personnel and the Gus Harrison Correctional Facility. In his complaint, Plaintiff asserts that medical personnel have failed to provide proper follow-up treatment for his back and neuropathy problems which arose in 1997 and 2000 and continue to the present time. Plaintiff seeks declaratory/injunctive relief and monetary damages.

    Having reviewed the complaint, the Court dismisses it for failure to demonstrate complete exhaustion of administrative remedies. The Court also dismisses the complaint as it pertains to Patricia Caruso for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

1

II.     Discussion

    A.     Exhaustion

Under the Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust all available administrative remedies before filing a federal lawsuit challenging conditions of confinement. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Wyatt v. Leonard*, 193 F.3d 876, 877 (6th Cir. 1999). To demonstrate exhaustion of administrative remedies, a prisoner must attach the decision containing the administrative disposition of his grievance or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). Exhaustion is not jurisdictional; but it is mandatory, *Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999), even if proceeding through the administrative system would be "futile." *Hartsfield v. Vidor*, 199 F.3d 305, 308-10 (6th Cir. 1999). The exhaustion requirement applies to § 1983 actions brought by a state prisoner even if the prisoner seeks monetary relief. *Lavista v. Beeler*, 195 F.3d 254, 256-57 (6th Cir. 1999). Federal courts may enforce the exhaustion requirement *sua sponte*. *See Brown*, 139 F.3d at 1104.

A prisoner must exhaust administrative remedies as to each defendant and as to each claim identified in the complaint. *See Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001). The prisoner has the burden of proving that a grievance has been fully exhausted. *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002). When a prisoner fails to exhaust administrative remedies before filing a civil rights complaint in federal court, or only partially exhausts those remedies, dismissal of the complaint is appropriate. *See* 42 U.S.C. § 1997e(a); *Smith v. Federal Bureau of Prisons*, 300 F.3d 721, 723 (6th Cir. 2002). Total exhaustion is required under the PLRA such

that a complaint containing both exhausted and unexhausted claims must be dismissed without prejudice. *See Bey v. Johnson*, 407 F.3d 801, 806 (6th Cir. 2005). Under the PLRA, a prisoner may not amend the complaint to cure the failure to plead exhaustion of administrative remedies. *See Baxter*, 305 F.3d at 488.

Plaintiff in this case has failed to attach the Step III grievance response to his complaint in order to show that he has completed his administrative remedies with regard to the grievance he initiated in January, 2006. Plaintiff thus failed to meet his burden of showing that he has fully exhausted administrative remedies as to the claims contained in the complaint. Pursuant to the total exhaustion rule, therefore, the complaint must therefore be dismissed.

  B.  Defendant Caruso

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See Flagg*

*Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, it is well-established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See, e.g., Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (§ 1983 liability cannot be based upon a theory of *respondeat superior*); *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).

Plaintiff has not done so with respect to defendant Patricia Caruso. He fails to state facts indicating that defendant Caruso had any personal or direct involvement in his medical care. Conclusory allegations are insufficient to state a civil rights claim. *See Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003). The mere fact that defendant Caruso may exercise supervisory authority over other parties is insufficient to state a claim under § 1983. Plaintiff's complaint against defendant Caruso must therefore be dismissed.

III.     Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to demonstrate total exhaustion of administrative remedies as to the claims contained in his complaint. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's civil rights complaint as to the Gus Harrison medical personnel defendants.

The Court further concludes that Plaintiff has failed to state a claim upon which relief may be granted as to defendant Patricia Caruso. Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's civil rights complaint as to that defendant.

Lastly, the Court further concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**


s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge


Dated: March 23, 2006